Deaderick, J.,
delivered the opinion of the court.
Complainant filed his bill in June, 1867, alleging that in 1858 he bought a tract of land from one G. W. Bayne, paying the whole of the purchase money, and at his request the title thereto was conveyed to W. R. Watkins, without the knowledge of Watkins, who had no beneficial interest in the land, the object of the conveyance being that Watkins should at some future day convey the land to his (complainant’s) wife; that complainant took possession of the land, and continuously occupied it from the time of his purchase, and the conveyance to Watkins, as his own property; that in 1862 Watkins reconveyed the land to him, and acknowledged the deed before the clerk of the County Court, but the deed was mislaid or lost before it was registered; that in January, 1867, to supply the place of the lost deed, another deed was made and acknowledged by said Watkins, 18th of January, 1867, but was dated in 1862 to correspond with the dates of the lost deed. That this deed recites the payment of $4,650, but nothing was paid or intended to be paid; that on the 8th of August, 1866, defendant Hardin obtained a judgment against Watkins for $7,151.14; that the debt upon which this judgment was rendered was not contracted on the faith or credit of Watkins’ title to the land in controversy; that Hardin had issued an execution against Watkins, and *302 levied it upon the land. The bill prays an injunction to restrain the sale, etc.
The defendant, Hardin, demurred to the bill because it, shows that Watkins was vested with the legal title to the laud when the judgment in favor of Hardin was rendered. That the deed to Watkins shows that a consideration of $1,150 was paid for said land by Watkins to Bayne, and that said deed was made to Watkins' at the instance and request of complainant, and was duly registered. Other grounds of demurrer, not material to be mentioned, were stated.
It was agreed, of record, that “this cause" shall be finally heard and decided upon the demurrer, it being intended and understood that the decision of the case upon said demurrer in the court below, and in the Supreme Court, shall be final, and settle the rights of said Baker and Hardin in this suit.”
The demurrer was filed, as appears from the agreement, in lieu of an answer and some proof taken, which was, by consent of the parties, withdrawn and do does, appear in the record. The effect of the demurrer and the agreement is to submit the cause to final adjudication in the court below, and in this court, upon the facts disclosed in the bill.
The Chancellor overruled the demurrer, and perpetually enjoined Hardin from selling the land levied on, from which decree Hardin appealed to this court.
We think there is no error in the Chancellor’s decree.
The facts stated in the bill raise a resulting trust in favor of Baker. It is well settled that if A purchases *303 land and pays for it -with his own money, and has the conveyance made to B, (a stranger in blood) a resulting trust arises, and B will hold the land as trustee for A. 11 Hum., 82; 2 Sto. Eq., sec. 1201; 1 L. C. in Eq.., Dyer v. Dyer.
And this equitable title is not affected by judgments of creditors against the holder of the legal title. 2 Heis., 81. Let the Chancellor’s decree be affirmed.